UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEIF SKOOGFORS,<br><br>             Plaintiff,<br><br>v.<br><br>NATIONAL DIRECT LEAD SYSTEMS, INC., and LARRY FOWLER, an individual,<br><br>             Defendants. | **DEMAND FOR JURY TRIAL**<br><br>CIVIL ACTION NO. |

# COMPLAINT

Plaintiff Leif Skoogfors ("Skoogfors"), by and through his undersigned attorneys, states his claims against Defendant National Direct Lead Systems, Inc., ("National"), and Defendant Larry Fowler ("Fowler") (collectively, "Defendants"), as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Skoogfors is an individual who resides in Pennsylvania.

2.      National is a corporation organized and existing under the laws of the Texas, with its principal place of business at 155 Autry Trail, Alpharetta, GA

1

30022.  National may be served through its registered agent, Robert Ward, 5485 Beltline Rd. #100, Dallas, TX 75254.

3. On information and belief, Fowler is domiciled in and resides at 155 Autry Trail, Alpharetta, GA 30022 and is the President of National.  Fowler may be served at his place of business and residence at 155 Autry Trail, Alpharetta, GA 30022.

4. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

5. This Court has personal jurisdiction over Defendants by virtue of their presence and transacting, doing, and soliciting business in this District.

6. Venue is proper under 28 U.S.C. §§ 1391 (b)(2), (c)(1-2), and (d), and 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

7. Skoogfors has worked for more than 45 years as a documentary photographer, photojournalist, and teacher. He has worked as a journalist for media such as the Mutual Broadcasting Company, the BBC, and Radio Zambia. Skoogfors has worked in numerous conflict and disaster zones for *Newsweek*,

*Time*, *Paris Match*, and FEMA.  His photographs appear in museums, private collections, and publications.  In or about 1994, Skoogfors took the photograph shown below (the "Photograph"):



8. On information and belief, Defendants own and operate the websites at http://www.usmilitary.com and http://www.navyseal.com.

9. In 2013, Skoogfors discovered that Defendants had reproduced and were displaying and distributing the Photograph on Defendants' websites at:

http://www.usmilitary.com/14021/navy-seals-pay-incentives/,

http://www.navyseal.com/what-do-thenavy-seals-do/,

http://www.usnavy.com/navy-seals-am-i-eligible-to-join/,

http://www.usmilitary.com/wp-content/uploads/2010/01/seal2-300x198.jpg,

http://www.navyseal.com/wp-content/uploads/2012/10/navy-seals.jpg, and

http://www.usnavy.com/wp-content/uploads/2011/06/navy-seals-eligibility-150x150.jpg,

3

as shown in part below (the "Infringements"):













10. Defendants reproduced, displayed, and distributed the Infringements without any attribution to Skoogfors.

11. On the web pages at http://www.usmilitary.com/14021/navy-seals-pay-incentives/, http://www.navyseal.com/what-do-thenavy-seals-do/, and http://www.usnavy.com/navy-seals-am-i-eligible-to-join/, Defendants included their copyright notice at the bottom of each page as follows: the word and symbol "Copyright ©" the year, and the words "USNavy.com All Rights Reserved" or "U S Military.com All Rights Reserved" (collectively, "Defendants' Notice").

12. Defendants continued to reproduce, display, and distribute the Infringements at least until August 2014.

13. On August 14, 2014, Skoogfors, through his attorney, sent a letter to Defendants giving notice that the reproductions, displays, and distributions of the Infringements were unauthorized and asking Defendants to cease the Infringements.

14. On August 25, 2014, Fowler called Skoogfors by telephone to discuss Skoogfors' infringement claims.

15. On August 28, 2014, September 8, 2014, September 16, 2014, October 23, 2014, and October 30, 2014, Skoogfors, through his attorney, sent electronic mail correspondence to Defendants attempting to resolve Skoogfors' infringement claims.

16. At the time of the filing of this lawsuit, Defendants continue to display the Infringements at http://www.usnavy.com/navy-seals-am-i-eligible-to-join/, http://www.usnavy.com/2011/06/, http://www.usmilitary.com/wp-content/uploads/2010/01/seal2-300x198.jpg, http://www.navyseal.com/wp-content/uploads/2012/10/navy-seals.jpg, and http://www.usnavy.com/wp-content/uploads/2011/06/navy-seals-eligibility-150x150.jpg.

17. Upon information and belief, Defendants had both the legal right and the ability to stop direct infringement of the Photograph.

18. Upon information and belief, Defendants gained a direct financial benefit from the direct infringement of the Photograph.

19. Defendants knew of their possession of specific infringing material but failed to purge such material.

20.     The Photograph in perspective, orientation, positioning, lighting and other details is entirely original, distinctive, and unique.  As such, the Photograph is subject matter protectable under the Copyright Act.

21.     Skoogfors is and always has been the sole proprietor of all rights, title, and interest in and to the copyrights in the Photograph.  Skoogfors is the author of the Photograph and is the owner of the copyrights therein, pursuant to 17 U.S.C. § 201.

22.     Skoogfors never authorized Defendants to reproduce, display, or distribute the Photograph.

23.     Skoogfors complied with all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as amended, and all other laws and regulations governing copyrights and secured the exclusive rights and privileges in and to the copyrights for the Photograph.

24.     The Register of Copyrights for the U.S. Copyright Office issued to Skoogfors the following Certificate of Registration for the copyrights to the Photograph: VA1-772-303, dated May 20, 2011, as shown below:

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Maria A. Pallante

Register of Copyrights, United States of America

**Registration Number**
VA 1-772-303

**Effective date of registration:**
May 20, 2011

## Title

**Title of Work:** Navy SEAL #1
EF002438

## Completion/Publication

**Year of Completion:** 1994
**Date of 1st Publication:** June 20, 1997    **Nation of 1st Publication:** United States

## Author

**Author:** Leif Skoogfors
**Author Created:** photograph(s)

**Work made for hire:** No
**Citizen of:** United States    **Domiciled in:** United States
**Year Born:** 1940    **Year Died:** n/a

## Copyright claimant

**Copyright Claimant:** Leif Skoogfors
21 S. Valley Forge Rd., Unit 201, Lansdale, PA, 19446

## Rights and Permissions

**Name:** Leif Skoogfors
**Email:** skoogfors@gmail.com    **Telephone:** 215-855-9470
**Address:** 21 S. Valley Forge Rd.
Unit 201
Lansdale, PA 19446

## Certification

**Name:** Leif Skoogfors
**Date:** May 20, 2011
**Applicant's Tracking Number:** 20110520

Page 1 of 2



## **FIRST CAUSE OF ACTION**

<u>Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*</u>

25.     Skoogfors re-alleges and incorporates by reference paragraphs 1 through 24 above.

26.     Defendants violated Skoogfors' exclusive rights granted in 17 U.S.C. § 106, specifically his exclusive rights to: (1) reproduce the copyrighted work in

10

copies; (2) prepare derivative works based on the copyrighted work; (3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (4) display the copyrighted work publicly.

27. All of Skoogfors' claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

28. As a direct and proximate result of its wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Skoogfors for the Photograph. Accordingly, Skoogfors is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

29. In the alternative, Skoogfors is entitled to and seeks statutory damages for Defendants' infringements of the Photograph, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

30. The Infringements by Defendants were willful and performed with knowledge that the reproductions, displays, and distributions of the Photograph were unauthorized; Skoogfors is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504 (c)(2).

31. Despite Defendants' knowledge that the Infringements were unauthorized reproductions, displays, and distributions of the Photograph,

Defendants induced, caused, and materially contributed to the direct copyright infringements, making Defendants contributorily liable for the Infringements.

32.     As Defendants knew of their possession of specific infringing material but failed to purge such material, Defendants contributed to the direct infringement, making Defendants contributorily liable for the Infringements.

33.     As Defendants had both the legal right and ability to stop and gained a direct financial benefit from the Infringements, Defendants are vicariously liable for the Infringements.

## SECOND CAUSE OF ACTION

Digital Millennium Copyright Act Violations – 17 U.S.C. §§ 1201 *et seq.*

34.     Skoogfors re-alleges and incorporates by reference paragraphs 1 through 24 above.

35.     Defendants' Notice constitutes copyright management information ("CMI") pursuant to 17 U.S.C. § 1202(c)(2), (3), (6), and (7).

36.     Upon information and belief, Defendants knew or should have known that Defendants' Notice was false, thereby distributing false CMI with the Infringements in violation of 17 U.S.C. § 1202(a).

37. Upon information and belief, Defendants' provision of false CMI was with the intent to induce, enable, facilitate, or conceal copyright infringement of the Photograph.

38. Despite Defendants' knowledge that the Infringements were unauthorized reproductions, displays, and distributions of the Photograph, Defendants induced, caused, and materially contributed to the violations of 17 U.S.C. § 1202(a), making Defendants contributorily liable for the violations.

39. As Defendants had both the legal right and the ability to stop and gained a direct financial benefit from the direct infringement of the Photograph, Defendants are vicariously liable for violations of 17 U.S.C. § 1202(a).

40. As a direct and proximate result of Defendants' wrongful conduct, Skoogfors has suffered damages and so is entitled to the remedies set forth under 17 U.S.C. § 1203.

41. Specifically, Skoogfors is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2).

42. In the alternative, Skoogfors is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5).

**PRAYER FOR RELIEF**

WHEREFORE, Skoogfors prays that this Honorable Court:

1. Issue an order that Defendants' unauthorized conduct violates Skoogfors' rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2. Order Defendants to account to Skoogfors for all gains, profits, and advantages derived from the Infringements;

3. Order that Defendants are contributorily liable for the direct infringements of Skoogfors' copyrights in the Photograph.

4. Order that Defendants are vicariously liable for the direct infringements of Skoogfors' copyrights in the Photograph.

5. Order Defendants to pay Skoogfors all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the Infringements; alternatively, maximum statutory damages in the amount of $30,000 for each of the Infringements pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

6. Award Skoogfors maximum statutory damages in the amount of $150,000 for each of Defendants' willful Infringements pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

7. Award Skoogfors actual damages suffered and profits for each violation of 17 U.S.C. § 1202 (a) and (b), pursuant to 17 U.S.C. § 1203(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

8. Award Skoogfors maximum statutory damages in the amount of $25,000 for each violation of 17 U.S.C. § 1202 (a) and (b), pursuant to 17 U.S.C. § 1203(c)(3)(B); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

9. Order Defendants to pay Skoogfors his costs of litigation and reasonable attorneys' fees in this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203;

10. Order Defendants to deliver to Skoogfors all copies of the Photograph and all other materials containing such infringing copies of the Photograph in their possession, custody or control;

11. Order Defendants, their agents, and their servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of

Skoogfors in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photograph; and

12. Order such other and further relief as this Honorable Court deems just and equitable.

**Skoogfors demands a jury trial on all of the foregoing counts.**

This 30th day of January, 2015.

                                              Respectfully submitted,

                                              **LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

                                              /s/ Evan A. Andersen
                                              EVAN A. ANDERSEN
                                              Georgia Bar No. 377422
                                              CAROLYN. E. WRIGHT
                                              Georgia Bar No. 777718

P.O. Box 250208
Atlanta, GA  30325
404-496-6606 (telephone)
775-580-7322 (facsimile)
evan@photoattorney.com
carolyn@photoattorney.com

*Counsel for Plaintiff Skoogfors*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C**

Counsel for Skoogfors hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.C.

This 30th day of January, 2015.

                                    Respectfully submitted,

                                    **LAW OFFICE OF CAROLYN E. WRIGHT, LLC**

                                    /s/ Evan A. Andersen
                                    EVAN A. ANDERSEN
                                    Georgia Bar No. 777718

P.O. Box 250208
Atlanta, GA  30325
404-496-6606 (telephone)
775-580-7322 (facsimile)
evan@photoattorney.com

*Counsel for Plaintiff Skoogfors*